Tarbell *v.* Dickinson.

day, and, in some instances, not until several days after the work and goods charged were done and delivered; 3. Because the persons who did the work, and those who sold the goods, were the better evidence; 4. Because the book appeared to have been altered in material parts.

But the presiding judge overruled these objections, and decided that the book was admissible and competent evidence to prove the charges contained therein against the defendant, and allowed the same to go to the jury, who thereupon returned a verdict in favor of the plaintiff, for the larger of the sums reported by the auditor, and the defendant alleged exceptions.

The defendant, at the present term of this court, by leave of the court, filed an additional specification of defence to the action, namely, a discharge in insolvency, by a certificate in the usual form, dated December 5th, 1848, and thereupon suggested his insolvency accordingly.

*B. F. Brooks*, for the defendant.

*N. Dow*, for the plaintiff.

---

## SILAS P. TARBELL *vs.* EDWARD DICKINSON.

A writ, containing the common counts, including a count on an account annexed, but without any account annexed, may be amended, at the trial, by annexing thereto the plaintiff's bill of particulars previously filed in the case.

An officer, having attached property on a writ, by the direction of the plaintiff

therein, and having made himself responsible to pay for the storage of the goods attached, may recover for the same against the attaching creditor, as an item of charge in an account annexed.

An attorney, who employs an officer to serve a writ, and gives him directions there for, renders himself responsible for the officer's fees for such service, and also for all disbursements made and liabilities incurred by the officer, in the ordinary course of the business intrusted to him, as, for instance, for the storage of property attached; provided the officer give the attorney reasonable notice of the disbursements and liabilities so incurred. But the statement of an officer, in his return of the writ, that he has attached property thereon, is not evidence, from which the giving of such notice may be inferred.

THIS was an action of assumpsit, by the plaintiff, a deputy sheriff of the county of Suffolk, living in Boston, against the defendant, an attorney and counsellor of this court, residing in Amherst, in the county of Hampshire. The trial was before *Mellen*, J., in the court of common pleas.

The declaration contained only the common counts, and the count upon an account annexed, usually printed in the writs issued out of the clerk's office of the county of Suffolk. The count on an account annexed was filled up with the sum of one hundred dollars; but, at the time of the service of the writ, there was no account annexed to the same.

The plaintiff filed a bill of particulars of his claim under the common counts, of which the following is a copy : —

" Suffolk, ss. S. P. Tarbell *vs.* E. Dickinson. Bill of Particulars of plaintiff's claim.

| | | | |
|---|---|---|---|
| 1843. April 10. | To service of writ Stowell *v.* Adams, . . . | | $2·95 |
| | To paid storage of property attached on said writ, . . . . . . . . | $48·00 | |
| | Thirty-three months' interest, . . . . 13·67 | $51·67 | |
| January 18, 1843. | To service of writ Pitkin *v.* Marsh . . . | | 2·75 |
| March 6. | "        "     same *v.* same, . . . | | 2·25 |
| | | | $59·62 |

The defendant objected, that the plaintiff could not recover, under either of the counts in the declaration, for any of the items for the service of writs, and the objection was sustained by the court. But, on motion of the plaintiff, for leave to amend by annexing his bill of particulars to the writ so that he might recover for these items under the account annexed, the court allowed the writ to be so amended.

In order to prove the charge for storage, it was in evidence, that the defendant enclosed the writ, in reference to which the same was made, in a letter signed by the defendant at Amherst, and addressed to the plaintiff, at Boston, under date of April 5th, 1843, as follows : —

"I enclose you a writ in favor of A. C. Stowell *vs.* George Adams, a dealer in palm leaf. Please secure the demand by attachment of property, and return me the writ after service."

The writ enclosed was dated April 5th, 1843, (the plaintiff therein named being described as of Amherst, and the damage laid at one hundred dollars,) and was returnable to the then next August term of the court of common pleas for the county of Hampshire. The plaintiff's return thereon was as follows : —

"Suffolk, ss.                                             Boston, April 10th, 1843
By virtue of this writ, I this day attached a quantity of palm leaf, as the property of George Adams, and on the 6th day of July, I gave said Adams a summons in hand for him to appear and answer at court. The service ·50 , travel $2·45 = $2·95.                       S. P. Tarbell, Deputy Sheriff."

No evidence was offered to show, whether the writ was returned to the defendant, as requested in his letter, or to the clerk's office; but the action was entered at the August term, 1843, of the court of common pleas, for Hampshire, by the defendant, and continued from term to term to the March term, 1844, when the plaintiff therein became nonsuit. No notice was given by the defendant to the plaintiff of the event or discontinuance of that suit, nor any directions with reference to the property therein attached.

It was in evidence, in regard to the service of the writ, that the attachment of the palm leaf mentioned in the return was made with the consent of the defendant therein, and the goods were stored in a warehouse belonging to him, the key of which was delivered to the officer. Adams told the officer, at the same time, that he should charge $5 a month for storage, but no agreement was made for that or any other sum. There were other goods belonging to Adams stored in the same building, (the palm leaf attached occupying about

one third of the second story,) and Adams was allowed free access to the building, whenever he chose, by sending to the plaintiff for the key.

The palm leaf remained in Adams's warehouse, in the manner stated, for about thirteen months, when, upon demand by Adams, the plaintiff redelivered the key of the warehouse to him. No settlement of Adams's claim for storage was made by the plaintiff, until the day of the trial of this action, when he settled the same by giving his note therefor.

The plaintiff introduced evidence tending to prove the existence of a usage in the county of Suffolk, according to which, attorneys sending writs to officers to be served hold themselves responsible, not only for the payment of the ordinary fees for service, but also of all expenses incurred in the attachment and custody of property, even though no notice is given that expenses are accruing thereon.

There was no evidence of any specific notice to the defendant in this case, that expenses were accruing on the property attached by the plaintiff; and the only evidence to show, that the defendant had any knowledge of the usage attempted to be established, was the testimony of Jabez Pratt, a deputy sheriff for the county of Suffolk. He testified, that the defendant had paid him for the service of writs; that, in one instance, his charge included keepers' fees, but never any charge for storage; that he sometimes stated in his return the expenses incurred up to the time the same was made, and sometimes not; and that he generally notified the attorney in a cause of accruing expenses, but not always.

The defendant admitted all the items of the plaintiff's claim, except for storage, and the plaintiff offered evidence to prove the reasonableness of the charge on that account.

The defendant contended: 1. That Adams had no claim on the plaintiff for storage; 2. That if Tarbell were liable to Adams for storage, he could not claim indemnity of the defendant, unless he had given the defendant actual notice, that the property attached by him was held subject to charges, for reimbursement of which the plaintiff looked to him;

**3.** That if there were any such liability on the defendant, the plaintiff was not entitled to recover in this action, without proof of payment before the commencement of the suit.

The jury were instructed: 1. That, upon the evidence in the case, they might find an implied undertaking, on the part of the plaintiff, to pay Adams for the storage; 2. That the request of the defendant, in his letter to the plaintiff, enclosing the writ for service, rendered the defendant responsible to the plaintiff for his fees for service of the same, and for all disbursements made by him in the ordinary course of the business intrusted to him, if he gave reasonable notice to the defendant of the liabilities incurred, and that the jury might infer such notice from the return on the writ; 3. That, although the defendant had not paid, or in any way settled with Adams, for the storage of the goods, when the present suit was commenced; yet, if he was then liable for the same, he might recover the amount under the declaration in this case.

The jury returned a verdict· for the plaintiff, and the defendant alleged exceptions.

*W. J. Hubbard,* for the defendant.

*H. G. Hutchins,* for the plaintiff.

FLETCHER, J. It was maintained by the counsel for the defendant, that the court below erred in permitting the plaintiff to amend his declaration, but there can be no doubt that it was entirely within the discretion of that court to allow the amendment. Then it was maintained that the charge for storage could not be recovered on an account annexed, as it was a charge for money paid. But this item may very properly be considered, in effect, as a general charge for storage, and as such proper in an account annexed. Some objection was made to the plaintiff's right to recover, on the ground, that the plaintiff had not actually paid the owner of the warehouse, where the property was stored; though it was shown that he was liable for the storage, and on the day of the trial had given his note for the amount. Under the circumstances of this case, it does not appear to the court,

that this objection can be maintained. It was then contended, on the part of the defendant, that the plaintiff could not recover for this charge of storage, unless it was shown that the defendant had reasonable notice of the existence of the claim therefor, and that the instruction of the court below to the jury on this point was erroneous.

In the letter of the defendant, dated April. 5th, 1843, to the plaintiff, enclosing the writ for service, the plaintiff is requested to return the writ to the defendant. It did not appear, whether the writ was returned to the defendant or to the clerk's office. The property was attached on the 10th of April ; but the service was not completed by giving a summons to the defendant, until the 6th of July, when the return was finished ; so that when the return was made, the property had been on storage about three months. Yet there is no charge for storage on the writ, nor any thing intimating the existence of any such charge. The action, in which this charge was made, was entered at the August term, 1843, and continued to March term, 1844. The plaintiff kept the property for thirteen months, and then gave it up ; and there was no evidence of any express notice to the defendant, in this case, of the existence of the charge for storage, before the commencement of this suit. The evidence offered to show, that the defendant had knowledge of a usage in Suffolk county, to hold attorneys responsible without notice for all expenses incurred in the attachment and custody of property, wholly failed to establish that fact.

Every just principle requires, that a sheriff should give an attorney reasonable notice of expenses incurred in the service of a writ. This is necessary that the expenses may be included in the taxed costs. The attorney should be informed of them also for his own safety and security. Though the attorney makes himself originally liable for expenses, yet his liability is not on his own account, or for his own benefit, but in behalf and on account of his client. He stands somewhat in the situation of a guarantor, and should know the extent of his liability, in order that he may look to his

principal for indemnity. The officer being requested to make return of his doings, the attorney may reasonably expect to be informed of what the officer has done, and for which he has claims, without going to him personally and particularly to inquire. Where there are constantly increasing expenses, it is most reasonable and important, that the attorney should have notice of them, in order that he may determine whether or not he will continue to be liable; and that he may have opportunity to obtain indemnity from his client. In the present case, the damages demanded in the writ, on which the attachment was made, were only one hundred dollars, and the actual debt probably about half that sum, and the storage charge was forty-eight dollars, probably equal in amount to the whole debt due. The unreasonableness and injustice of permitting expenses to accumulate to such an amount, in such a case, upon the responsibility of the attorney, without any notice to him, are manifest and palpable. Upon this point, the court below instructed the jury, " that the request of the defendant, in his letter to the plaintiff, enclosing the writ for service, rendered the defendant responsible to the plaintiff for his fees for service of the writ, and for all disbursements made by him in the ordinary course of the business intrusted to him, if he gave reasonable notice to the defendant of liabilities incurred." Thus far the instruction was correct, and perfectly unexceptionable. It distinctly announces the right of the defendant to have reasonable notice of liabilities incurred. But the portion of the instruction which follows, to wit, "that the jury might infer such notice from the return on the writ," in the opinion of this court, was erroneous; as in effect it really authorized a finding by the jury, that the defendant had notice without evidence; because, in truth, there was nothing in the return on the writ, from which notice could be inferred by any just mode of reasoning. The fact appearing upon the return, that property had been attached, was not of itself notice, nor a fact from which notice that the property was stored at expense, upon the responsibility of the defendant, could be fairly inferred, as

such expense is by no means a necessary consequence of an attachment. Besides, it did not appear, that the writ was returned to the defendant, or at what time, if ever, he saw the return. Then, again, it appeared by the return, that the property had been attached about three months, when the return was completed, and the officer taxed his fees. Yet there was not on the return the slightest intimation that the property was stored on expense, as the defendant might reasonably have expected there would have been, if such was the case. In fact, it is impossible to see any thing in the return, from which notice to the defendant could be properly inferred. Instructing the jury, therefore, that they might infer such notice from the return on the writ, was, in effect, leaving them to find that fact without any evidence.

The exception to the instruction in this particular, therefore, is sustained, and the verdict is consequently set aside and a new trial granted.